IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICIA ANN SANCHEZ,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF NEBRASKA, DHHS, DCFS, LICWAC, CPS, NFC, HEARTLAND FAMILY SRVC, OPPD, MUD, PARK MEADOWS PLAZA, UNION, NE, MONICA GREEN KRUGER, Attorney at Law; JANE M. MCNEIL, Attorney at Law; LAUREN J. MICEK, Assistant Public Defender; and LAW OFFICE OF SHANNON BENASH,<br><br>　　　　　Defendants. | 8:18CV424<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff filed her Complaint on September 10, 2018. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). For purposes of this initial review, the court will consider Plaintiff's Amended Complaint (filing no. 6) filed on April 23, 2019, as supplemental to the Complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff's list of named defendants is very difficult to decipher. (*See* Filing No. 1 at CM/ECF pp. 1–4; Filing No. 6 at CM/ECF pp. 1–2.) As best the court can tell, Plaintiff brings this lawsuit against the State of Nebraska; DHHS; DCFS; LICWAC; CPS; NFC; Heartland Family Services; OPPD; MUD; "Park Meadows Plaza, Union, NE;" Monica Green Kruger; McNeil Law Office; Jane M. McNeil;

Assistant Public Defender Lauren J. Micek; Law Office of Shannon Benash; Ivan, Lynn, and Bob Johnson; Christopher J. Petty; Immanuel Hospital; Nebraska Humane Society; Dr. Michael Reed, OBGYN; Dr. Dada; and Lasting Hope Recovery. (*Id*.) In her Amended Complaint, Plaintiff appears to sue these Defendants not only on her own behalf, but also on behalf of her minor children. ([Filing No. 6 at CM/ECF p. 1](#).)

Plaintiff's allegations are incomprehensible. In both the Complaint and Amended Complaint, Plaintiff's "Statement of Claim" merely lists several names, entities, and what appear to be case numbers for Nebraska state juvenile and probate cases. ([Filing No. 1 at CM/ECF p. 4](#); [Filing No. 6 at CM/ECF p. 5](#).) Plaintiff attached to her Complaint two separate acknowledgements of paternity listing Plaintiff and Christopher Petty as the parents of children born in 2011 and 2015 respectively. ([Filing No. 1-1](#).) As best the court can tell, Plaintiff's Complaint bears some relation to the juvenile and/or probate cases referenced in the Complaint. However, Plaintiff does not explain who any of the parties are, what they have allegedly done to her, what specific legal rights Plaintiff believes Defendants violated, or even what relief she seeks from Defendants.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* [28 U.S.C. § 1915(e)](#). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. [28 U.S.C. § 1915(e)(2)(B)](#).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007)](#); *see also* [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)](#) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Complaints filed in federal court must also contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Here, Plaintiff's Complaint fails to meet the minimal pleading standard and does not specify the relief she seeks. (*See generally* Filing Nos. 1 & 6.)

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes

her claims[1] against Defendants. *Plaintiff should be mindful to clearly explain what Defendants did to her, when Defendants did it, how Defendants' actions harmed her, and what specific legal rights Plaintiff believes Defendants violated.* Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **May 28, 2019**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims she wishes to pursue against all of the defendants she wishes to proceed against in the amended complaint. Plaintiff should be mindful to explain in her amended complaint what each defendant did to her, when the defendant did it, how the defendant's actions harmed her, and what specific legal rights Plaintiff believes the defendant violated. **Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint**.

---

[1] Plaintiff may only prosecute claims on her own behalf and cannot represent her children's interests in federal court. "[I]t is well established that a pro se party may not represent others, even when it is a parent purporting to represent his minor children." *Behrens v. GMAC Mortg., LLC*, No. 8:13-CV-72, 2013 WL 6118415, at *4 (D. Neb. Nov. 21, 2013) (citing cases), *aff'd* 566 F. App'x 546 (8th Cir. 2014). "While there are some situations in which parents may bring pro se claims on behalf of their children—such as an application for Social Security benefits—no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Stephenson v. Bruno*, No. 4:14CV3097, 2014 WL 5850837, at *4 (D. Neb. Nov. 12, 2014) (quoting *Nunley v. Erdmann*, No. C14-4016-MWB, 2014 WL 5020253, at *4 (N.D. Iowa Oct. 8, 2014) (internal quotation marks and citation omitted)). Thus, if Plaintiff chooses to amend her complaint, she cannot assert claims on her children's behalf.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

3. The clerk of the court is directed to set a pro se case management deadline using the following text: **May 28, 2019**: check for amended complaint.

Dated this 26th day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge