IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICIA ANN SANCHEZ TRUMP, | |
| Plaintiff, | 8:18CV424 |
| vs. | |
| STATE OF NEBRASKA, DHHS, DCFS, LICWAC, CPS, NFC, HEARTLAND FAMILY SRVC, OPPD, MUD, PARK MEADOWS PLAZA, UNION, NE, MONICA GREEN KRUGER, Attorney at Law; JANE M. MCNEIL, Attorney at Law; LAUREN J. MICEK, Assistant Public Defender; LAW OFFICE OF SHANNON BENASH, POWERBALL, PSYCH EVALUATION, IMMANUEL HOSPITAL OBGYN, NEBRASKA HUMANE SOCIETY, Omaha, Ne; DOUGLAS COUNTY - BOARD OF MENTAL HEALTH, LASTING HOPE RECOVERY - BOARD OF MENTAL HEALTH, CLARKSON HOSPITAL - ER, SIENNA/FRANCIS HOUSE, HEARTLAND FAMILY SERVICES. OPERATION HOMELESS, PROMISESHIP, IVAN J. JOHNSON, and LYNN MARIE DAVIDSON JOHNSON, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff filed her Complaint in this matter on September 10, 2018, followed by an Amended Complaint on April 23, 2019, which the court treated as supplemental to the original Complaint. (Filing No. 1; Filing No. 6.) Upon initial review, the court determined that Plaintiff's pleadings failed to satisfy the minimal

pleading standard set forth in Federal Rule of Civil Procedure 8. (Filing No. 7.) However, the court gave Plaintiff until May 28, 2019, to file an amended complaint. Plaintiff filed Second and Third Amended Complaints (collectively "Amended Complaint") on April 30, 2019, and May 22, 2019, respectively, and the court will consider Plaintiff's Third Amended Complaint as supplemental to the Second Amended Complaint. *See* NECivR 15.1(b). (Filing No. 8; Filing No. 9.) The court now conducts further review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e).

## I. SUMMARY OF AMENDED COMPLAINT

As with her original pleadings, Plaintiff's list of named defendants is very difficult to decipher. (*See* Filing No. 8 at CM/ECF pp. 1–2; Filing No. 9 at CM/ECF pp. 1–3.) As best the court can tell, Plaintiff brings this lawsuit against DHHS; DCFS; LICWAC; CPS; CPW; NFC; Promiseship; Olivia Lafayette; Sarah Biorn; Rachel Calhoun; Heartland Family Services Operation Homeless; OPPD; MUD; Law Office of Shannon Benash; Ivan J. and Lynn M. Johnson; Sarah Graham; Immanuel Hospital OBGYN; Nebraska Humane Society; Dr. Michael Reed, OBGYN; "Psych Evaluation"; Douglas County Board of Mental Health; Lasting Hope Recovery Board of Mental Health; Clarkson Hospital ER; Sienna Francis House; and Powerball-Nebraska Lottery. (*Id.*) Other names of individuals are written in the margins of page 2 of the Second Amended Complaint, but it is unclear if those individuals were intended to be included as parties. (Filing No. 8 at CM/ECF p. 2.) In her Amended Complaint, Plaintiff appears to sue these Defendants not only on her own behalf, but also on behalf of her minor children and other individuals. (Filing No. 8 at CM/ECF p. 1; Filing No. 9 at CM/ECF p. 1.)

Plaintiff's allegations are incomprehensible. In the Second Amended Complaint, Plaintiff's "Statement of Claim" merely lists several names with "Birth Certificate," "payout to mother – Birth Cert," or "Pending Birth Certificat[e]" next to each name. (Filing No. 8 at CM/ECF p. 4.) In the Third Amended Complaint's "Statement of Claim," Plaintiff states the following "facts" underlying her claims:

1) Dr. Michael Reed OBGYN – Tubal litagation [sic]
2) C-Sections [2011] – [C.S.]
3) C-Sections [2015] – [A.S.]
4) Vaginal birth from [T.H.] (AKA) [N.H.], [L.F.] [2018]/[M.S.] Lakeside Hospital Omaha, Nebraska
5) I Patricia Ann Sanchez never gave consent to become a surrogate mom to my daughter or any other woman (Off and On) Film [May 2019] (AKA) [T.H.] [N.F.]

(Filing No. 9 at CM/ECF p. 4.)[1] Plaintiff also lists injuries of "scars from c-sections," "hurnia [sic] from tubal litagation [sic]", "post pardom [sic] depression birth vaginal of [M.S.]," and "sleep disorder." (*Id.* at CM/ECF p. 5.) As relief, Plaintiff asks for the following:

> Provide me a lawyer for civil court
> Housing,    verbal, audio, public apology, written apology
> Transportation                    Ne & IA & TN & WA STATE,
> Medical Coverage.                 & Florida & Colorado
>
> Permanent full Soul [sic] Physical Custody of:
> 1) [C.S.] – (AKA) [T.W.]
> 2) [A.S.] – (AKA) [A.R.]
> 3) Guardianship & Emergen[c]y Physical Custody with release back to daughter [T.H.] of [M.S.]

(*Id.* (formatting in original).)

The information provided by Plaintiff in her Amended Complaint is given without any context or explanation as to the relevance of such information to Plaintiff's purported legal claims. Plaintiff does not explain who any of the parties

---

[1] References to dates and names have been altered to avoid revealing what appear to be birth dates and full names of minor children.

3

are, what they have allegedly done to her, or what specific legal rights Plaintiff believes Defendants violated.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

In the court's previous Memorandum and Order on initial review, the court specifically advised Plaintiff "to file an amended complaint that sufficiently

describes her claims against Defendants" and "*to clearly explain what Defendants did to her, when Defendants did it, how Defendants' actions harmed her, and what specific legal rights Plaintiff believes Defendants violated.*" (Filing No. 7 at CM/ECF pp. 3–4.) The court also advised Plaintiff that she could not assert claims on behalf of her children or others if she chose to file an amended complaint. (*Id.* at CM/ECF p. 4, n.1 (citing *Behrens v. GMAC Mortg., LLC*, No. 8:13-CV-72, 2013 WL 6118415, at \*4 (D. Neb. Nov. 21, 2013) (citing cases), *aff'd* 566 F. App'x 546 (8th Cir. 2014) ("[I]t is well established that a pro se party may not represent others, even when it is a parent purporting to represent his minor children.")).) Plaintiff has failed to comply with the court's Memorandum and Order in both respects, and her Amended Complaint suffers from the same pleading defects as the original.

As with her original Complaint, Plaintiff has failed to satisfy the minimal pleading standard of Federal Rule of Civil Procedure 8, which requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Plaintiff's laundry list of Defendants and nonsensical, disjointed assertions seemingly relating to the births of her minor children fail to satisfy the requirements of Rule 8.

Even giving the Amended Complaint the most liberal interpretation possible, the court finds no hint of a plausible federal claim. Rather, Plaintiff's references to what appear to be state court juvenile cases, (*see* filing no. 8 at CM/ECF pp. 2–3; filing no. 9 at CM/ECF p. 3), and her request that the court award her custody of her minor children suggest that her purported claims would be subject to dismissal under the domestic relations doctrine. It is well-settled that the "whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586,

593–94 (1890). The United States Supreme Court has recognized a domestic relations exception "to the jurisdiction of the federal courts in light of long-held understandings and policy considerations." *Whiteside v. Nebraska State Health and Human Services*, No. 4:07CV3030, 2007 WL 2123754, *1 (D. Neb. July 19, 2007) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 694–95 (1992)). Clearly, the court could not grant Plaintiff the relief sought without entangling itself into issues of state child custody law, an area in which it does not have jurisdiction.

## IV. CONCLUSION

Plaintiff's Amended Complaint fails to state a claim showing that she is entitled to relief. The court will not grant further leave to amend because, as demonstrated by Plaintiff's failure to comply with the court's previous Memorandum and Order, amendment would be futile.

IT IS THEREFORE ORDERED that this matter is dismissed without prejudice. The court will enter judgment by a separate document.

Dated this 6th day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge