IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICIA ANN SANCHEZ TRUMP,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF NEBRASKA, DHHS, DCFS, LICWAC, CPS, NFC, HEARTLAND FAMILY SRVC, OPPD, MUD, PARK MEADOWS PLAZA, UNION, NE, MONICA GREEN KRUGER, Attorney at Law; JANE M. MCNEIL, Attorney at Law; LAUREN J. MICEK, Assistant Public Defender; LAW OFFICE OF SHANNON BENASH, POWERBALL, PSYCH EVALUATION, IMMANUEL HOSPITAL OBGYN, NEBRASKA HUMANE SOCIETY, Omaha, Ne; DOUGLAS COUNTY - BOARD OF MENTAL HEALTH, LASTING HOPE RECOVERY - BOARD OF MENTAL HEALTH, CLARKSON HOSPITAL - ER, SIENNA/FRANCIS HOUSE, HEARTLAND FAMILY SERVICES. OPERATION HOMELESS, PROMISESHIP, IVAN J. JOHNSON, and LYNN MARIE DAVIDSON JOHNSON,<br><br>　　　　　　Defendants. | 8:18CV424<br><br>MEMORANDUM AND ORDER |

　　This closed case is before the Court on what the Court has docketed as a Motion filed by Plaintiff Patricia Ann Sanchez.  Filing No. 17.  As set forth below, the Court will grant the Motion in part and will admonish Plaintiff to discontinue filing any further documents in this closed case.

　　Plaintiff filed her Complaint, Filing No. 1, on September 10, 2018.  On April 26, 2019, the Court ordered Plaintiff to file an amended complaint within 30 days as her Complaint was incomprehensible and failed to state a claim for relief.  Filing No. 7.

Plaintiff filed two amended complaints, Filing No. 8; Filing No. 9, on April 30, 2019, and May 22, 2019, which the Court considered together as the Amended Complaint. *See* Filing No. 10 at 2. On February 6, 2020, the Court reviewed the Amended Complaint and dismissed this case without prejudice because Plaintiff's Amended Complaint suffered from the same defects as her initial Complaint—it was incomprehensible and failed to state any claim for relief. Filing No. 10.

Beginning on January 7, 2022, through September 15, 2023, Plaintiff filed what the Court docketed as five notices of change of address (the "Notices"). Filing No. 12; Filing No. 13; Filing No. 14; Filing No. 15; Filing No. 16. In addition to Plaintiff's contact information, the Notices include additional comments and notes from Plaintiff that are rambling, incoherent, and largely indecipherable.

On February 28, 2024, Plaintiff filed the present Motion. Filing No. 17. In the first line, Plaintiff asks "for the courts to remove my past personal info on lawsuit 8:18CV424." *Id*. at 1. The remainder of the motion is rambling and unintelligible as it references several individuals, addresses, and state court case numbers without any discernible context.

Upon consideration, the Court will grant Plaintiff's motion to the extent that the Court will restrict access to any filings in this case containing Plaintiff's or others' personal identifying information that the Court has been able to identify and which are not already restricted.[1] Specifically, the Court will direct the Clerk of the Court to restrict

---

[1] Several of Plaintiff's filings in this case were restricted upon filing for the reason that they contained personal identifying information. *See* Filing No. 1; Filing No. 16; Filing No. 8; Filing No. 12; Filing No. 16; Filing No. 17.

2

access to Filing No. 2, Filing No. 9, Filing No. 14, and Filing No. 15. To the extent Plaintiff seeks any other relief, her Motion is denied.

The Court notes that two of the documents the Court is restricting access to were filed by Plaintiff after her case was closed. If Plaintiff does not want her personal information to appear in the Court's records, then she must stop filing such information in this case. Accordingly, the Court admonishes Plaintiff to not file any future materials in this case as this matter is closed and the Court's limited resources should not be expended addressing any more of Plaintiff's incomprehensible filings. The Court will not take any action on any future correspondence or other documents filed in this case that do not comply with federal and the Court's local pleading rules and do not clearly specify the relief sought.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion, Filing No. 17, is granted to the extent that the Court will restrict access to the filings in this case containing personal identifying information. The Motion is denied in all other respects.

2. The Clerk of the Court is directed to restrict access to Filing No. 2, Filing No. 9, Filing No. 14, and Filing No. 15.

3. The Court will not take any action on future materials filed in this case that do not comply with pleading rules and do not clearly specify the relief sought. This matter is closed and Plaintiff shall not file any additional materials in this case.

Dated this 26th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge